# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GRUTGEN,<br>    *Plaintiff,*<br>vs.<br>GREG COX, *et al.*,<br>    *Defendants*. | 3:07-cv-00545-ECR-RAM<br><br>ORDER |

This *pro se* civil rights suit by a prisoner in the custody of the Nevada Department of Corrections (NDOC) comes before the Court for initial review under 28 U.S.C. § 1915A.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are

accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).

In the amended complaint (#7), plaintiff alleges that he was improperly subjected to disciplinary segregation, resulting in the loss of statutory good time credits. He seeks – as a result of the allegedly improper disciplinary segregation – compensatory damages, an award of 180 days in lost statutory good time credits, and restoration of program merit credits. Plaintiff's claims necessarily imply the invalidity of the deprivation of his good-time credits, thereby challenging the duration of his confinement. Indeed, plaintiff directly seeks a federal court order restoring good-time credits and thereby reducing his remaining sentence. Plaintiff's claims accordingly are not cognizable under Section 1983. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The appropriate remedy, if any, at this juncture instead is through a petition for a writ of habeas corpus brought after the exhaustion of state judicial remedies. The complaint accordingly will be dismissed without prejudice. The Court finds that grant of leave to amend the complaint would be futile.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice. The Clerk of Court shall enter final judgment accordingly.

DATED:   May 5, 2008

_____
EDWARD C. REED
United States District Judge